**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHIRLEY WICHAEL,

    Plaintiff,

v.                                                                                      Case No: 6:14-cv-579-Orl-40DAB

WAL-MART STORES EAST, LP,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 4), filed in state court on January 30, 2014 and docketed with this Court on April 10, 2014.  On April 24, 2014, Plaintiff filed its Response to Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, with Incorporated Memorandum of Law (Doc. 8).  Upon due consideration, the Court denies Defendant's motion to dismiss Count II.[1]

**I.    BACKGROUND**[2]

This dispute arises out of Plaintiff's alleged slip and fall on Defendant's property.

---

1. On April 25, 2014, Defendant filed its Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 12) without seeking leave of Court.  Because this Court's Local Rules provide that "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave," the Court does not consider Defendant's supplemental memorandum of law in addressing the instant motion.  M.D. Fla. R. 3.01(c).
2. This account of the facts is taken from Plaintiff's Complaint (Doc. 2), the allegations of which the Court must accept as true in considering Defendant's motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

On November 1, 2012, Plaintiff visited a Wal-Mart location owned by Defendant. (Doc. 2, ¶ 4). While walking down an aisle inside Defendant's store, Plaintiff slipped and fell on a liquid substance that was on the floor. (*Id.*). As a result of her fall, Plaintiff suffered injuries and damages. (*Id.* ¶ 5).

Plaintiff initiated this lawsuit against Defendant on November 26, 2013 by filing the Complaint in the Seventh Judicial Circuit in and for Volusia County, Florida. (*Id.*). Plaintiff's Complaint states two claims for relief. Count I states a claim for "Simple Negligence—Slip and Fall." (*Id.* ¶¶ 6–10). Count II states a claim for "Negligent Mode of Operation." (*Id.* ¶¶ 11–15). On January 30, 2014, Defendant answered Count I of Plaintiff's Complaint (Doc. 3) and moved to dismiss Count II (Doc. 4). On April 10, 2014, Defendant timely removed the action to this Court as permitted by 28 U.S.C. § 1446(b)(3). (Doc. 1).[3]

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). District courts must accept all well-pleaded allegations within the complaint as true. *Id.* at 555. An allegation is well-pleaded when the plaintiff alleges sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

3. Defendant states that Plaintiff's Complaint was not initially removable, as the amount in controversy failed to meet the jurisdictional threshold of 28 U.S.C. § 1332(a). (Doc. 1, ¶ 19). However, after engaging in discovery, Defendant learned that Plaintiff's alleged damages exceeded the amount in controversy requirement. (*Id.* ¶ 21). Accordingly, Defendant removed the action to this Court within thirty days of ascertaining these new facts and this Court's jurisdiction over the matter is proper. 28 U.S.C. § 1446(b)(3).

*Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III. DISCUSSION

Defendant moves to dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. (Doc. 4). Specifically, Defendant asserts that negligent mode of operation is not a cause of action recognized in Florida, but rather a theory of proving negligence. (*Id.* ¶¶ 2, 4). As such, Defendant contends that Count II of the Complaint is duplicative of Count I and should be dismissed. (*Id.*). Plaintiff disagrees, maintaining that negligent mode of operation is indeed a cause of action recognized in Florida. (Doc. 8, ¶ 14).

Defendant is correct that negligent mode of operation is not a proper cause of action in Florida. In *Markowitz v. Helen Homes of Kendall Corp.*, the Florida Supreme Court discussed that negligent mode of operation is one method by which a plaintiff can establish the breach element of a negligence claim. 826 So. 2d 256, 259–60 (Fla. 2002). Similar to proving that a business owner had actual or constructive knowledge of an unsafe condition, negligent mode of operation establishes the breach of a duty of care where a business owner creates an unsafe condition through the manner in which he conducts his business. *Id.* at 260 ("[T]he mode-of-operation rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident.") (internal quotation marks omitted)); *see also, e.g.*, *Wells v. Palm Beach Kennel*

*Club*, 35 So. 2d 720, 721 (Fla. 1948) (finding that the failure of a business to provide trash receptacles to its patrons may suffice as a negligent mode of operation where a plaintiff tripped over empty bottles littered throughout the property).  To that end, Count II of Plaintiff's Complaint states a claim for negligence based on the same facts and circumstances as Count I, thus rendering Count II duplicative of Count I.

However, motions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid. *Bangkok Crafts Corp. v. Capitolo Di San Pietro in Vaticano*, No. 03 Civ. 15(RWS), 2007 WL 1687044, at *10 (S.D.N.Y. June 11, 2007).  The Federal Rules of Civil Procedure do allow for the striking of redundant material.  Fed. R. Civ. P. 12(f).  Although the Court may strike material on its own initiative, doing so is a "drastic remedy to be resorted to only when required for the purposes of justice." *Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (internal quotation marks omitted).  As such, striking material is generally disfavored and should only be employed as a remedy for material that "ha[s] no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

Defendant has not filed a motion to strike.  Further, Defendant's motion to dismiss does not contend that justice requires the striking of Count II, that Count II is wholly unrelated to this lawsuit, or that Defendant will be prejudiced by the maintenance of Count II as a claim for relief.  Nor can the Court find any support for such conclusions in the instant record.  Moreover, the Court finds that Count II states a valid claim for negligence arising under Florida law; Count II alleges duty, breach, causation, and damages.  (*See* Doc. 2, ¶¶ 12–15).  Finally, the Court finds that Count II is supported by

sufficient factual allegations within the Complaint to allow the Court to infer that Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Accordingly, the Court will not dismiss Count II or strike Count II on its own initiative.[4]

## IV.    CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 4) is **DENIED**. Defendant shall answer Count II of Plaintiff's Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on October 30, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

4. To the extent Defendant disputes that negligent mode of operation remains a viable theory of liability in Florida (*see* Doc. 4, ¶¶ 5–6), Defendant may renew its argument, if appropriate, on summary judgment.